**Diane Marie HERNAS, et al., Plaintiffs,**

v.

**CITY OF HICKORY HILLS, et al., Defendants.**

**No. 80C2316.**

United States District Court, N. D. Illinois, E. D.

July 1, 1981.

Charles W. Nixon, Chicago, Ill., for plaintiffs.

William W. Kurnik, Judge, Drew, Cipolla & Kurnik, Ltd., Park Ridge, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Plaintiffs Diane, Frank and Jadwiga Hernas brought this action under 42 U.S.C. §§ 1983 and 1985(3) and various portions of the Bill of Rights (through the Fourteenth Amendment) against the City of Hickory Hills, its Mayor and various named and unnamed members of its Police Department and the Roberts Park Fire Protection District. This Court's December 1, 1980 Memorandum Opinion and Order dismissed all allegations against defendant Russ Linde-

mann ("Lindemann") under Fed.R.Civ.P. 12(b)(6). Lindemann, as a prevailing party, now moves for an award of attorney's fees under 42 U.S.C. § 1988 ("Section 1988"). For the reasons stated in this memorandum opinion and order that motion is granted.

### Award of Fees

 Section 1988 entitles a prevailing defendant to an award of fees if the court determines the plaintiff's claim was "meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980). Plaintiffs' allegations against Lindemann satisfy that stringent requirement. This Court dismissed Lindemann because plaintiffs failed to make *any* specific allegations against him:

> In another variation of the same theme, plaintiffs have identified Lindemann in Paragraph 2 of the Complaint as a Hickory Hills police officer but thereafter make no allegations of any kind as to any *conduct* by Lindemann in claimed violation of their rights. In a number of paragraphs the Complaint refers to actions allegedly committed by "unknown" officers, but it is a contradiction in terms to argue—as plaintiffs' counsel appear to do in their brief—that we are to assume that a *named* defendant has engaged in conduct ascribed only to unknown persons.

Moreover, we are not dealing with a pro se litigant. Plaintiffs were represented by counsel throughout the proceedings, including the briefing on Lindemann's motion. *See, Hughes,* 101 S.Ct. at 179. Lindemann is therefore entitled to an award of fees under Section 1988 because plaintiffs lacked a sufficient foundation for including him in their Complaint.[1]

1. Lindemann was apparently defended by an insurance company in this action. That is not a relevant consideration in determining whether an award of fees is appropriate. See cases cited at page 10 of Judge Crowley's opinion in *Gautreaux v. CHA,* 498 F.Supp. 1072 (1981)

### Amount of Fees

 Lindemann's request for fees encompasses (1) all services attributable solely to his defense and (2) one-ninth of all other time spent by his counsel (who also represents eight other defendants). As to the second component, Lindemann's counsel would have had to spend that time even if plaintiffs had omitted Lindemann from their Complaint. Accordingly, this Court will award Lindemann $384[2] for counsel's services rendered solely on his behalf.

### Conclusion

Plaintiffs are ordered to pay Lindemann $384 on or before July 15, 1981.

(upholding awards of full hourly rate fees to *plaintiffs* though services rendered by salaried attorneys for not-for-profit organizations).

2. That amount represents 6.4 hours of work at the requested rate of $60 per hour.