**Paul P. JEFFRIES, Plaintiff,**

v.

**CITY OF CHICAGO, et al., Defendants.**

**No. 81 C 2562.**

United States District Court,
N. D. Illinois, E. D.

May 6, 1982.

James J. Muench, Muench & Muench, Chicago, Ill., for plaintiff.

Darka Papushkewych, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Paul P. Jeffries ("Jeffries") sues the City of Chicago and various of its police officers under 42 U.S.C. § 1983 ("Section 1983") based on an allegedly unlawful arrest and detention. Jeffries' Third Amended Complaint (the "Complaint") for the first time named as defendants Sergeant Francis T. Lee ("Lee") and three officers: Edmund Leracz ("Leracz"), Cynthia White ("White") and Daniel Gallagher ("Gallagher"). After a short period of discovery those four de-

fendants (collectively "movants") moved for summary judgment, and Jeffries did not oppose the motion. This Court's March 17, 1982 order granted summary judgment.

Movants now seek attorneys' fees as prevailing parties under 42 U.S.C. § 1988 ("Section 1988"). For the reasons stated in this memorandum opinion and order that motion is denied.

■ Under Section 1988 a prevailing defendant is entitled to fees only if the court determines plaintiff's claim was "meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980). Jeffries' Complaint alleges he was arrested because he was suspected of committing a rape. Because Jeffries was unaware of the identity of the officers involved in the arrest, he sought certain documents from the City to learn such identity. Each of the movants appeared in a document relating to the rape investigation: Leracz had signed a January 25, 1981 supplemental report about the rape; both White and Gallagher were involved in the initial call to the police; Lee signed Leracz' request for additional time to investigate. After discovery it turned out that although all four thus participated in the initial rape investigation, none was involved in Jeffries' arrest.[1]

■ Movants contend Jeffries should have realized his allegations against them were frivolous because the documents all related to activities before the February 24, 1981 arrest. This Court disagrees. Jeffries was attempting by discovery to identify the officers involved in the arrest. It was hardly an unreasonable assumption that officers initially involved in the rape investigation may also have been involved in the later arrest. Thus movants' participation in the rape investigation was a sufficient basis for naming them in the Complaint and pursu-

---

1. It is worth noting that Jeffries' interrogatories had asked the names of persons who participated actively in the events of February 24, 1981 (the date of the arrest). Instead of responding directly the City's counsel stated such information was contained in documents provided to Jeffries' attorneys (movants were of course referred to in some of those documents, which movants' own reply memorandum refers to as "perhaps not a model of clarity"). Had the City answered directly in the first place, the entire episode of movants' joinder, their motion and then their dismissal would never have occurred.

ing discovery to determine whether they indeed participated in the arrest.

There may indeed have been other ways for Jeffries to pursue the inquiry. Deposing movants before joining them as defendants might have disclosed they had no involvement in the arrest.

But that is a hindsight judgment (moreover, every litigant knows that discovery involving non-parties poses more difficulties than taking an opponent's deposition). Under the *Hughes* standard Jeffries did have a foundation or ground for naming movants in his Complaint. And there was no showing of oppressive conduct: As soon as Jeffries read the affidavits filed in support of movants' summary judgment motion, he voluntarily abandoned his action against them.

It is frequently true in Section 1983 actions that a plaintiff is unaware of the identity of people who allegedly violated his civil rights. Plaintiffs should not be discouraged from vigorously pursuing their actions and attempting to determine the identity of those involved in an incident.

In *Hernas v. City of Hickory Hills*, 517 F.Supp. 592, 593 (N.D.Ill.1981) this Court awarded attorney's fees to a dismissed defendant. But in *Hernas* plaintiffs had failed to demonstrate *any* basis for their allegation against a particular police officer. Once a plaintiff has demonstrated, as here, a rational basis for believing that a particular individual may have been involved in the incident involved in a complaint, this Court will not award attorney's fees simply because that belief proves incorrect.

#### Conclusion

Movants are denied any award of attorneys' fees.