**Ralph C. REINEMAN, et al., Plaintiffs,**

v.

**VALLEY VIEW COMMUNITY SCHOOL DISTRICT #, 365–U, et al., Defendants.**

**No. 81 C 2053.**

United States District Court, N. D. Illinois, E. D.

Nov. 4, 1981.

Jeffrey J. Knuckles, Fawell, James & Brooks, Naperville, Ill., for plaintiffs.

Wayne B. Giampietro, Gregory N. Freerksen, DeJong, Poltrock & Giampietro, Chicago, Ill., for defendants Village of Bolingbrook and Richard Ellingsworth.

Barry L. Moss, Moss & Bloomberg, Ltd., Bolingbrook, Ill., for all other defendants.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Ralph C. and Anna L. Reineman ("Reinemans") sue individually and as parents and next friend of their son William Reineman ("William") in a multi-count Complaint against Valley View School District # 365–U (the "School District"), the Village of Bolingbrook, Illinois (the "Village") and officials of each. All plaintiffs' claims stem from discipline imposed on William by the School District and from arrests by the Village's Police Department growing out of the same or related incidents. Reinemans proceed on a variety of theories: under 42 U.S.C. § 1983 ("Section 1983"); the Education for All Handicapped Children Act ("EAHCA"), 20 U.S.C. §§ 1401 ff.; Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; the Fourth Amendment (more accurately the Fourteenth Amendment by reason of its having incorporated the Fourth Amendment as to state action); and the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

All defendants, both institutional and individual, have moved to dismiss all claims under Fed.R.Civ.P. 12(b)(6). For the reasons stated in this memorandum opinion and order, their motions are granted except as to Complaint Count IV, which does state a cause of action (however doubtful on the facts) against the Village and police officer Richard Ellingsworth ("Ellingsworth").

### Facts [1]

About November 21, 1980 William (then age 16) was summoned from his regularly scheduled class at Bolingbrook High School by Dean of Students William Kappmeyer ("Kappmeyer"), also a defendant. Kappmeyer and Ellingsworth took William to Kappmeyer's office, where William was "threatened and coerced into producing a sheathed knife," which Kappmeyer and Ellingsworth seized from him. At no time during the encounter did William "display or threaten the use of" the knife. Kappmeyer and Ellingsworth had no search warrant for the knife. Shortly thereafter William was arrested and charged with unlawful use of weapons in violation of a Village ordinance. William was later found not guilty of that charge. Complaint Count I asserts that Kappmeyer and Ellingsworth searched William and seized the knife in violation of William's Fourth Amendment rights.

Reinemans also allege a long history of internal and external suspensions—some 30 adverse actions—by the School District against William. They assert that during the same period William was "handicapped" within the meaning of EAHCA and the Rehabilitation Act. Although the Complaint is silent on this score, Reinemans' memorandum acknowledges that (1) William was evaluated by a multidisciplinary team and found not handicapped in May 1980, (2) he was later reevaluated and determined to be handicapped about January 1981 and (3) he then began receiving special education services in School District's learning disability resource program. Those facts will also be taken into account in this opinion. Based on William's arrests and the disciplinary actions, Complaint Count II claims a "change in educational placement" violative of William's rights under EAHCA and Section 504.

On November 24, 1980 (three days after the search described in Count I) William returned to the high school and was told by Kappmeyer that he was suspended from school for ten days. No notice or formal hearing was afforded William before the suspension. At Reinemans' request a formal hearing did take place December 2, 1980 before the School District's hearing officer, Richard Saunders. Reinemans were not given the opportunity to cross-examine witnesses or permission to record the proceedings. No witnesses testified. Instead Kappmeyer's written report of the November 21 incident was presented as evidence for the consideration of the hearing officer. Complaint Count III charges, "This hearing failed to provide even minimal due process rights and is an unconstitutional deprivation of [William's] rights."

About January 28, 1981 William was arrested by Ellingsworth for William's alleged delivery of cannabis on November 4, 1980. That arrest took place at Bolingbrook High School, allegedly without warrant or probable cause. Complaint Count IV is premised upon Section 1983 and the Fourth Amendment and is directed against Ellingsworth, the Village, the School District, Kappmeyer and the Board of Education.

For reasons discussed later in this opinion, it is unnecessary to state the facts relevant to the Complaint's final count (Count V) with particularity. Count V charges that from at least March 24, 1979 the School District and its Board of Education and officials (collectively the "School Defendants") knew or should have known that William was "handicapped" within the meaning of the two federal statutes. Nonetheless the School Defendants failed to classify William as handicapped until about

---

1. Reinemans' version of the facts must of course be credited upon defendants' motions to dismiss. This opinion neither makes nor implies any findings as to the accuracy of the Complaint's allegations.

January 7, 1981, when he began to receive special education services. Allegedly the failure to classify William properly, together with the numerous suspensions referred to in Count II, deprived William of his rights under the "Constitution"—presumably the Due Process Clause—and the statutes. Reinemans were assertedly damaged by being required—through the claimed misclassification—to "expend great sums of money in the care, development and special training of their son."

Each of the five counts asks for substantial damages (compensatory as to Counts I, IV and V and punitive as to each count). Attorneys' fees are also sought.

### Count I—Seizure of William's Knife

■ Count I must be dismissed because the Fourth Amendment claim upon which it is based has already been decided in a prior state court proceeding. Defendants assert and Reinemans do not dispute that in the Will County Circuit Court criminal case (80 CR 1926) based on the November 21 incident involving the knife, William sought to suppress the knife on the same Fourth Amendment grounds advanced here in support of the Section 1983 claim. That motion to suppress was denied, necessarily deciding that William's Fourth Amendment rights were not violated by the seizure.

Collateral estoppel therefore bars Count I. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), which held that a prior state court decision on a motion to suppress based upon the Fourth Amendment prevented relitigation of the issue in a subsequent Section 1983 action, is on all fours.

### Counts II and V—EAHCA and Rehabilitation Act Claims and Substantive Due Process

Reinemans' contentions based upon EAHCA and Section 504 can fare no better. Counts II and V must also be dismissed.

As for EAHCA, our Court of Appeals' recent opinion in *Anderson v. Thompson*, 658 F.2d 1205 (7th Cir. 1981) directly forecloses Reinemans' action. Again in an all fours situation, *Anderson* held squarely (1) that no private action for damages lies under EAHCA absent "exceptional circumstances"[2] and (2) that no Section 1983 action is cognizable because EAHCA provides the exclusive remedy (at 1214–1217).

Section 504 is the general provision protecting handicapped persons from discrimination under any federally-assisted program. It closely tracks a like provision in Title VI of the Civil Rights Act of 1964. *Lloyd v. Regional Transportation Authority*, 548 F.2d 1277, 1280 (7th Cir. 1977).

*Lloyd, id.* at 1284–87, upheld the existence of a private action under Section 504.[3] *Lloyd* however did not decide the availability of a private action for *damages*, a question left in doubt by the limited case law. Compare *Poole v. South Plainfield Board of Education*, 490 F.Supp. 948, 949 (D.N.J. 1980) (monetary damages available) with *Boxall v. Sequoia Union High School District*, 464 F.Supp. 1104 (N.D.Cal.1979) (damages unavailable). Section 504 was not specifically invoked in *Anderson* (at 1217 n.20), so the issue is open in this Circuit.

■ But *Anderson* compels the conclusion that Reinemans may not seek damages

**2.** *Anderson* describes two exceptional circumstances (at 1213–1214):
(1) situations in which a child's physical health would have been endangered had the parents not made alternative schooling arrangements (clearly not the case here); and
(2) situations in which the school "has acted in bad faith by failing to comply with the procedural provisions of section 615 in an egregious fashion" (not directly charged by Reinemans).
In any case *Anderson* would not permit tort damages (the only damages sought in Count II and the principal damages sought in Count V) (see at 1213 n.12) or the award of attorney's

fees (at 1216–1217). All it would allow even under "exceptional circumstances" are money damages for the actual cost of obtaining services the school district was required to provide.

**3.** During the half-decade since *Lloyd* the Supreme Court has continued to restrict the implication of private remedies, applying *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975) in a narrower way than a facial reading would permit. But this Court must of course continue to view *Lloyd* as good law, not itself impliedly overruled by the intervening cases.

under Section 504 *for a claimed wrongful exclusion from the benefits of EAHCA.* It must be remembered that Section 504 is a wide-sweeping prohibition against discrimination against any handicapped person under *any* federally-funded program. EAHCA is a program whose sole focus is to benefit the handicapped. If Reinemans, barred from a damage claim under EAHCA itself under *Anderson,* could take an end run around *Anderson* by claiming damages because EAHCA should have been but was not applied to William, that exception to *Anderson* would swallow up its rule. Reinemans cannot do indirectly via Section 504 what *Anderson* teaches may not be done directly.[4]

■ Finally Count V appears to claim that plaintiffs' due process rights were violated by William's misclassification. That claim does not require extended discussion. Plaintiffs have been unable to cite any authority supporting a constitutional right to proper classification.

### Count III—Procedural Due Process

■ Complaint Count III challenges the sufficiency, on procedural due process grounds, of the informal post-suspension hearing afforded William. That claim too must be dismissed, because the sort of formal hearing Reinemans claim as an incident of the Fourteenth Amendment is simply not due. *Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975) held that the most rudimentary of pre- or post-suspension "hearings" could justify a suspension of up to ten days. Under *Goss, id.* at 584, 95 S.Ct. at 741, even a mere informal encounter between the student and disciplinary authority is sufficient for a short suspension. *Goss* specifically eschewed—as constitutionally mandated—the sort of full-scale hearing Reinemans urge (*id.* at 583, 95 S.Ct. at 740):

> We stop short of construing the Due Process Clause to require, countrywide,

that hearings in connection with short suspensions must afford the student the opportunity to secure counsel, to confront and cross-examine witnesses ... or to call his own witnesses....

### Count IV—William's January 28 Arrest

■ Complaint Count IV alleges no facts that involve any of the School Defendants in the illegal search. They are not vulnerable to a Fourth Amendment claim merely because they allowed the police to arrest a student on the premises—even if it were assumed that the arrest was illegal.

■ As to Ellingsworth and the Village, the case stands in a somewhat different posture. Reinemans claim William's January 28 arrest violated the Fourth Amendment because it was supported by neither probable cause nor a valid arrest warrant. Such an allegation will ground a Section 1983 action against Ellingsworth. And because his actions were allegedly "committed under color of the ... customs and usages of ... the public entity defendants," the Village must remain in this case as well, *Thompson v. Village of Evergreen Park,* 503 F.Supp. 251 (N.D.Ill.1980).

Denial of Ellingsworth's and the Village's motions to dismiss Count IV should not however be viewed by Reinemans as an unalloyed blessing. In their pending motion for summary judgment, Ellingsworth and the Village have tendered what appears to be a valid warrant for the January 28 arrest, belying the Complaint's allegations to the contrary. Unless a factual dispute is disclosed in Reinemans' response, summary judgment in favor of Ellingsworth and the Village as to Count IV will follow swiftly. Reinemans also bear a responsibility for the validity—or at least the colorability—of their allegation that the Village actually *does* have a custom of making false arrests. In both respects referred to in this para-

---

4. This Court therefore need not decide the questions whether (1) private damage actions generally may be brought under Section 504 or (2) whether in the general case HEW administrative remedies must be exhausted before a Section 504 private action will lie (an issue much mooted in the cases, on which this Court ruled *against* the exhaustion prerequisite in an unpublished ruling in *Rubin v. Smith,* 80 C 1626).

graph, 42 U.S.C. § 1988 (though rarely invoked in favor of defendants) may come into play. See *Hernas v. City of Hickory Hills,* 517 F.Supp. 592 (N.D.Ill.1981); *Thompson,* 503 F.Supp. at 252; *Villa v. Franzen,* 511 F.Supp. 231 (N.D.Ill.1981); *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980).

*Conclusion*

All defendants' motions to dismiss are granted as to Complaint Counts I, II, III and V. School Defendants' motion to dismiss is granted as to Complaint Count IV. Ellingsworth's and the Village's motion to dismiss Count IV is denied, but those defendants are not required to answer until this Court has dealt with their motion for summary judgment.

**RYDER TRUCK RENTAL, INC. and National Union Fire Insurance Company of Pittsburgh, Pennsylvania, Plaintiffs,**