**MARK R., Plaintiff,**

v.

**BOARD OF EDUCATION, BREMEN COMMUNITY HIGH SCHOOL DISTRICT NO. 228, et al., Defendants.**

**No. 80 C 6205.**

United States District Court,
N. D. Illinois, E. D.

June 29, 1982.

Marilyn Longwell, Kerr & Longwell, Chicago, Ill., for plaintiff.

Alan T. Sraga, Chicago Heights, Ill., for local defendants.

Paul Millichap, Asst. Atty. Gen., Chicago, Ill., for state defendants.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge.

This case presents claims under the Education for All Handicapped Children Act (EAHCA), 20 U.S.C. §§ 1411–20, Section 504 of the Rehabilitation Act (§ 504), 29 U.S.C. § 794, and the equal protection and due process clauses of the Fourteenth Amendment. The plaintiffs are Mark R., a child handicapped within the meaning of EAHCA by severe behavioral disorders, and his parents. Defendants are several school districts and their superintendents and a special education cooperative and its director (the local defendants), and the Illinois State Board of Education and its superintendent (the state defendants).

In Count I of the Second Amended Complaint, plaintiffs allege violations of EAHCA and § 504 and seek reimbursement for the expenses they incurred in placing Mark R. in a private residential school. In Count II, they allege that defendants wilfully and in bad faith violated the two statutes and request $300,000 in damages. In Count III, plaintiffs allege that Mark R. is entitled under Illinois law to a free appropriate public education, that this is a property interest, and that defendants have refused to provide this in violation of due process and equal protection. They seek to recover $250,000 in damages. Defendants have moved to dismiss all the counts on various grounds.

At the outset, it is helpful to point out what this case does *not* involve. It does not involve any claim for injunctive relief or for the future educational placement of Mark R. It also does not involve any question as to what services the state is required to provide, unlike *William S. v. Gill,* 536 F.Supp. 505 (N.D.Ill.1982), and *Parks v. Pavkovic,* 536 F.Supp. 296 (N.D.Ill.1982). Rather this case involves only a claim for reimbursement and other damages stemming from an allegedly improper placement decision.

As on any motion to dismiss, the court must accept the well-pleaded facts in the complaint as true. Those facts as shown by the complaint and the exhibits to it are as follows.

In 1978–79, Mark R. was attending eighth grade in Arbor Park Middle School. He began to exhibit increasingly disruptive behavior and to fall behind in his studies. School officials informed the parents that if he remained at Arbor Park he would not graduate and suggested they place him in a private military school, which they did.

Mark R. began high school at Tinley Park H.S. in the Bremen School District the following year but he soon lapsed into the same type of problem behavior. On the advice of the school psychologist, the parents admitted him to Barclay Hospital, a private psychiatric hospital in October, 1979. The school district contributed to the cost of Mark R.'s placement at Barclay.

In February, 1980, Mark R.'s need for hospitalization was lessening and a staff conference was held to determine where he should be placed. As a result of this conference, the high school recommended placement in Libra School in Riverdale, Illinois, which would provide a day care program only. The parents disagreed with this recommendation and with the manner in which the school had rejected any consideration of a residential placement, and in March, 1980, they requested a hearing before an impartial hearing officer.

At the same time, the parents removed Mark R. from Barclay and enrolled him in the DeSisto School in Stockbridge, Massachusetts. They did this on the recommendation of the Barclay staff but without the official consent of the local or state defend-

ants. Most importantly, they did this before any due process hearing had taken place.

The hearing did not take place until May, at which time the officer ruled favorably for the parents. The school district filed a notice of appeal in June, 1980, but then no further action was taken, at least in part because the parents and the school officials were trying to negotiate a settlement.

In the fall of 1980, Mark R. was returned to Barclay because his behavior at DeSisto had deteriorated. In November, a second staff conference was held and the school district agreed that Mark R. should return to DeSisto. The only issue thus remaining was whether the school district should reimburse the parents for the costs of placing Mark R. in DeSisto between March and October.

In June, 1981, the State Board of Education issued its final order, later amended, in which it ruled that the parents were not entitled to reimbursement. Plaintiffs' complaint challenges this ruling.

*Count I*

■ In their first count, plaintiffs seek reimbursement for the costs of Mark R.'s education at DeSisto between March and October, 1980.[1] In *Anderson v. Thompson,* 658 F.2d 1205, 1213–14 (7th Cir. 1981), the Court indicated that in certain circumstances a claim for reimbursement is cognizable under EAHCA. The Court stated, in dictum:

> Although we hold that [EAHCA] was not intended generally to provide a damage remedy for an incorrect placement decision, we can envision at least two exceptional circumstances in which a limited damage award might be appropriate. In those situations it is likely that Congress, *though generally requiring that a child remain in his current placement,* 20

U.S.C. § 615(e)(3) [sic], would have intended that parents take action to provide the necessary services for their children without awaiting the outcome of lengthy administrative and judicial proceedings.... Congress, which so explicitly expressed its concern for the needs and rights of handicapped children, could not have intended a child *to remain in a placement in which there was a serious risk of injury* to that child's physical health.... [And] Congress could not have intended ... that parents would *keep their child in an inappropriate situation* in a case in which the school district was acting in bad faith. (emphasis added)

In the quoted language, the Court indicates that generally, when parents and the state disagree as to a proposed placement, the child is to remain in his or her current placement.[2] The Seventh Circuit states that parents may properly be reimbursed when they change their child's placement without the state's approval if the current placement creates a physical risk or if the current placement is inappropriate and the school district fails to follow the statutory procedures in an egregious fashion. Neither circumstance is present here.

■ In their complaint, plaintiffs allege that Mark R. displayed behavior which physically endangered himself and others and that one of their reasons for choosing DeSisto was a concern for his safety. They argue that reimbursement is justified "where the child's physical health would have been jeopardized if the parents had not made alternative arrangements to those offered by the school system." Plaintiffs' Memo at 16. This argument fundamentally misstates the first exceptional circumstance.

The *Anderson* court suggested that parents were justified in moving their child

---

1. Although the local defendants concurred in the DeSisto placement after October, this cannot be viewed as a concession that the original placement was warranted.

2. Earlier in its opinion, the Court states that this is a Congressional preference, not a statutory duty. *Id.* at 1209.

when the child's current, not the proposed, placement endangered his health. Plaintiffs do not allege that Mark R.'s placement at Barclay Hospital, his then current educational placement, involved a serious risk of injury to his physical health. Their objections go to the Libra day care program, the proposed placement.

Plaintiffs attempt to fit within the first exception by further arguing that when the school district recommended placement at Libra, they were put in the difficult position of finding their own placement or placing Mark R. in a program that created the risk of injury. But this argument ignores the fact that the parents were not really faced with a "Hobson's choice." They had a third option; one, moreover, that is mandated by EAHCA. That is, they could have left Mark R. at Barclay Hospital while they challenged the proposed placement at Libra. Had they done this, the school district could not have compelled his transfer to Libra. 20 U.S.C. § 1415(e)(3).

■ Alternatively, plaintiffs allege that the various defendants acted "wilfully and in bad faith." Aside from this conclusory allegation, however, plaintiffs do not allege facts establishing bad faith as defined by the Seventh Circuit. In Anderson, the court defined bad faith in these types of cases to mean a "fail[ure] to comply with the procedural provisions of Section 615 in an egregious fashion." 658 F.2d at 1214. The only procedural noncompliance alleged by plaintiffs is the state defendants' failure to render a timely decision on the state-level appeal, as required by regulation, 34 C.F.R. § 300.512.[3]

At the time plaintiffs moved Mark R. from Barclay to DeSisto, however, defend-ants had not violated any of the procedural safeguards of § 615. They could not have done so, because the parents moved the child before invoking those safeguards. Even assuming the state defendants' delay constituted bad faith, it occurred months after the parents moved Mark R. and cannot be used retroactively to justify that move. The parents' precipitous action foreclosed any reliance on Anderson's second exception.

In Stemple v. Board of Education of Prince George's County, 623 F.2d 893 (4th Cir. 1980), cert. denied, 450 U.S. 911, 101 S.Ct. 1348, 67 L.Ed.2d 334 (1981), the Fourth Circuit held that the parents' action in changing the educational placement of their child, without the approval of the school system and contrary to the "duty" imposed by § 615(e)(3), barred any right to reimbursement. Although the Anderson Court disagreed that § 615(e)(3) created a "duty," it did not disapprove of the Fourth Circuit's conclusion that parents who move their child without the school system's consent and in the absence of exceptional circumstances do so at their own expense and that they forfeit any right to reimbursement.[4]

■ Under the Seventh Circuit's interpretation of appropriate relief, reimbursement is not warranted here because Mark R.'s removal from his current placement was not prompted by any exceptional circumstance. Furthermore, to allow reimbursement in a case such as this would clearly frustrate the detailed procedural scheme set forth in § 615, which contemplates that as a general rule during the pendency of the administrative process both the school and the parents will maintain the

3. The regulation provides:
   (b) The State educational agency shall insure that not later than 30 days after the receipt of a request for a review:
   (1) A final decision is reached in the review....
   Here the school district filed a notice of appeal in June, 1980, and the State Board did not issue its decision until June, 1981.

4. The Anderson Court determined that § 615(e)(3) did not completely preclude reimbursement in the case before it, but denied the claim for reimbursement as beyond the scope of "appropriate" relief authorized under § 615(e)(2).

status quo.[5] For these reasons, the court concludes that plaintiffs have failed to state a claim for reimbursement under EAHCA.[6]

As limited damages in the form of reimbursement are not available in this case under EAHCA, they are also unavailable under § 504. The question of damages under § 504 was not at issue in *Anderson*. In *Reineman v. Valley View Community School District*, 527 F.Supp. 661, 665 (N.D. Ill.1981), however, the court reasoned that the damage limitations under EAHCA should apply to § 504 when the claim is for an exclusion of benefits under EAHCA.[7] The court stated:

> If Reinemans, barred from a damage claim under EAHCA itself under *Anderson*, could take an end run around *Anderson* by claiming damages [under § 504] . . . that exception to *Anderson* would swallow up its rule. Reineman cannot do indirectly via Section 504 what *Anderson* teaches may not be done directly.

This court concurs in this analysis and dismisses Count I in its entirety.

## Count II

■ The motion to dismiss Count II does not require extended discussion. In this count, plaintiffs seek a general damage award for defendants' alleged willful failure to provide Mark R. with a free appropriate public education. In *Anderson*, the Seventh Circuit absolutely foreclosed under EAHCA any claim for the tort liability damages sought here, 658 F.2d at 1213 n.12. And in *Reineman*, this prohibition was extended to similar damage claims under § 504. The count is dismissed in its entirety.

## Count III

■ In Count III, plaintiffs allege that defendants' conduct violated the Constitution and seek damages under 42 U.S.C. § 1983.[8] Handicapped children are entitled under Illinois law to a "free appropriate public education," Ill.Rev.Stat. ch. 122, ¶ 14–8.02, and this entitlement is protected under the Fourteenth Amendment.

■ Plaintiffs allege that the Arbor Park school district and its superintendent denied Mark R. this right without due process or equal protection based on Arbor Park's representation, in the middle of Mark R.'s eighth grade year, that he would probably not graduate. Faced with this possibility and on Arbor Park's recommendation the parents placed Mark R. in a military academy. These allegations do not make out a constitutional violation on the part of the Arbor Park defendants.

---

**5.** This emphasis on maintaining the status quo, along with the *Anderson* Court's unequivocal rejection of any tort or "educational malpractice" remedy under EAHCA reflects the reality of special education today. It is an area replete with professional disagreements, uncertainty, and educated guesses.

**6.** The court's conclusion obviates any need to decide defendants' other arguments, including whether EAHCA creates new federal substantive rights. In an earlier opinion, *McCowen v. Hahn*, No. 78 C 4233 (N.D.Ill.1981), this court indicated that EAHCA created no new substantive rights but merely provided a new federal remedy in much the same way that 42 U.S.C. § 1983 created no new substantive rights but only provided a remedy. Dictum in *Anderson*, which issued shortly after *McCowen*, calls the earlier opinion into question on that point, as the Seventh Circuit several times refers to the new rights created under EAHCA, although the opinion does not define those rights.

**7.** As the court pointed out, "Section 504 is a wide-sweeping prohibition against discrimination . . . under *any* federally-funded program." *Id.*

**8.** The local defendants' argument that this Count is also foreclosed by *Anderson* is unavailing. In *Anderson*, the Seventh Circuit held that the cause of action in § 615 is exclusive and thus violations of EAHCA are not redressable under § 1983, 658 F.2d at 1217. The Court specifically declined to address the present issue, however, which is whether there might be a damage recovery under § 1983 for conduct that violates the Constitution, even though the same conduct violates EAHCA for which there is no general damage remedy. 658 F.2d at 1217 n.19.

In a case involving very similar facts, the court in *Rettig v. Kent City School District,* 539 F.Supp. 768 (1981), found no constitutional violation:

> [T]he Kent City School District never actually excluded Tom [the plaintiff].... The Rettigs chose instead to enroll Tom in private schools.... Since the plaintiffs elected to obtain educational placement in a private school there cannot now be a valid claim that the Kent City School District refused to provide an educational opportunity.

Because plaintiffs withdrew Mark R. from Arbor Park prior to the school's taking any adverse action, they cannot now assert that the school denied him the right to an education.

The same reasoning forecloses any constitutional claim with regard to the allegations in paragraphs 21 through 24, which cover Mark R.'s withdrawal from Tinley Park H.S. and admission to Barclay. The Bremen school district did not expel Mark R.; the parents voluntarily admitted him to Barclay on the recommendation of the school psychologist.

■ Based on the recommendation of placement at the Libra School, plaintiffs allege that the local defendants (excluding the Arbor Park defendants) refused to provide Mark R. with a free appropriate public education. Plaintiffs' claim is that defendants made an improper placement decision in rejecting a residential program. This is not a constitutional violation. Plaintiffs must allege more than simply that these defendants were wrong.

In *Reineman v. Valley View Community School District,* 527 F.Supp. 661 (N.D.Ill. 1981), the complaint alleged that the defendants had failed to classify the plaintiff as a special education student. The court stated:

> Count V appears to claim that plaintiffs' due process rights were violated by William's misclassification. That claim does not require extended discussion. Plain-

tiffs have been unable to cite any authority supporting a constitutional right to proper classification.

*Id.* at 665. Similarly, here plaintiffs cannot contend that they have a constitutional right to a proper placement.

Plaintiffs also argue that the equal protection clause prohibits unequal treatment of handicapped children and that defendants have discriminatorily administered state educational laws. But plaintiffs' complaint does not identify the unequal treatment that Mark R. supposedly received or in what manner state laws were discriminatorily applied. Again, the only allegation is that defendants erred in making their placement decision.

■ Finally, as the only relief sought in Count III is damages, the claims against the state defendants are barred by the Eleventh Amendment. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 39 L.Ed.2d 358 (1979). This count must also be dismissed in its entirety.

*Conclusion*

For the foregoing reasons, defendants' motions to dismiss the Second Amended Complaint are granted and the cause is dismissed.