RICHARD R. ANDERSON, Plaintiff-Appellee, *v.* COMMUNITY UNIT DIS-
TRICT NO. 228, Defendant-Appellant.

Third District   Nos. 82—695, 82—650 cons.

Opinion filed May 24, 1983.

Philip E. Koenig, of White and Koenig, of Geneseo, and Jerome N. Robbins and Michael A. Loizzi, Jr., both of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Chicago, for appellant.

Kary Love, of Moline, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff-appellee, Richard Anderson, is the father of Roger Anderson, a former special education student in a program offered by the defendant-appellant, Community School District No. 228 (District). Anderson requested a "due process" hearing, under section 615 of

the Education for All Handicapped Children Act (EAHCA) (20 U.S.C. sec. 415 (1976)), regarding his son's special education program, because he believed the program was deficient in a number of respects to meet Roger's special needs. A hearing was eventually held by a due process hearing officer. The officer found that the District had failed to incorporate, among other things, a vocational plan into Roger's program and that, in accordance with article VI of the Illinois Rules and Regulations to Govern the Operation and Administration of Special Education, such a plan was mandated.

■ Anderson then brought a small claims action against the District and claimed that the District was indebted to Anderson in the amount of $2,500, plus costs, for "expense incurred to obtain appropriate free public education" for his son which was not provided by the District. The $2,500 damages is the sum of $2,400 for attorney fees and $100 for telephone expenses. A hearing was held without a court reporter. Consequently, the record of the hearing consists of a certified report of the proceeding in lieu of verbatim transcript. The trial court took the matter under advisement and a few weeks later entered a judgment against the District in the amount of $2,400. On appeal, the District raises two issues. One, monetary damages and attorney fees are not recoverable as a matter of law. Two, the trial court's findings were against the manifest weight of the evidence. Anderson's "damages" consist of attorney fees. As will be discussed below, attorney fees are not recoverable in this case. Since this court has found that the lower court's damage award was improper, there is no need to decide whether the lower court's findings were against the manifest weight of the evidence. Also, Anderson, in his brief, raises the separate issue that, besides failing to provide an adequate program for his son, the District violated Anderson's due process rights by initially refusing to conduct a hearing and that attorney fees incurred in order to vindicate his due process rights should be allowed. Even if this court were to assume that the District improperly refused Anderson's initial request for a hearing, we must find that the issue cannot be raised on this appeal. Anderson's complaint refers only to expenses "incurred to obtain appropriate free public education." There is not a reference to expenses incurred in order to secure Anderson's due process rights. Furthermore, there is no evidence of "any action or proceeding" instituted for the purpose of enforcing any due process rights. (See Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. sec. 1988 (1976).) The issue concerning Anderson's due process rights was not effectively presented to the lower court and is considered waived in this appeal.

■ Anderson based his claim for attorney fees on two Federal statutes: the Education for All Handicapped Children Act (EAHCA) (20 U.S.C. sec. 1401 *et seq.* (1976)) and sections 504 and 505 of the Rehabilitation Act of 1973 (Rehabilitation Act) (29 U.S.C. secs. 794, 794a (1976 and Supp. IV 1980).

The congressional statement of purpose of EAHCA is as follows:

"It is the purpose of this [Act] to assure that all handicapped children have available to them * * * *a free appropriate public education* which emphasizes special education and related services *designed to meet their unique needs,* to assure that the rights of handicapped children and their parents or guardians are protected, to assist State and localities to provide for the education of all handicapped children, and to assess and assure the effectiveness of efforts to educate handicapped children." (Emphasis added.) (20 U.S.C. sec. 1401, Historical Note (1976).)

EAHCA *does not* explicitly provide for an award of attorney fees.

Section 504 of the Rehabilitation Act provides as follows:

"No otherwise qualified handicapped individual in the United States * * * shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be *subjected to discrimination* under any program or activity receiving federal financial assistance." (Emphasis added.)

The Rehabilitation Act specifically provides for attorney fees in section 505 as follows:

"(b) In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

Although the propriety of awarding attorney fees under either of these statutes has been evaluated by several Federal courts of the Seventh Circuit, the issue appears to be one of first impression before an Illinois court of appeals.

In support of his claim for fees incurred as a result of the District's violation of EAHCA, Anderson argues that the omission of the District resulted in a "deprivation of any rights, privileges or immunities secured by the Constitution and laws" within the terms of the Civil Rights Act of 1871 (42 U.S.C. sec. 1983 (1976)). Anderson reasons that fees are allowable pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, which provides in pertinent part as follows:

"In any action or proceeding to enforce a provision of sections * * * 1983 * * * the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's

fee as part of the costs." 42 U.S.C. sec. 1988 (1976).

Anderson's reasoning was previously rejected by the Seventh Circuit Federal Court of Appeals in *Anderson v. Thompson* (7th Cir. 1981), 658 F.2d 1205. The *Anderson* court held that the remedy provided in EAHCA, though not a traditional remedy, is an exclusive remedy which cannot be given "unimpaired effectiveness" if a section 1983 action is available for EAHCA violations. (658 F.2d 1205, 1216.) This court accepts the decision of the *Anderson* court, insofar as it applies to attorney fees under EAHCA, and holds that attorney fees incurred as a result of an attempt to enforce the provisions of EAHCA are not allowable either under the terms of EAHCA, or via a related section 1983 action.

■ We now turn to the applicability of the Rehabilitation Act to the case at hand. Section 504 is directed toward discrimination, not the failure to provide a program for a handicapped student. Anderson did not allege that his son was subject to discrimination. Anderson only alleged, and the hearing officer only found, that his son was not provided an appropriate program to meet his needs. Anderson cannot place his claim within the discrimination provisions of section 504 in an effort to avoid the remedy limitations of EAHCA. The reasoning of the Federal district court in *Reineman v. Valley View Community School District No. 365—U* (N.D. Ill. 1981), 527 F. Supp. 661, is clearly applicable to this issue. If Anderson, "barred from a damage claim under EAHCA itself under *Anderson,* could take an end run around *Anderson* by claiming damages because EAHCA should have been but was not applied to [his son], that exception to *Anderson* would swallow up its rule. [Anderson] cannot do indirectly via section 504 what *Anderson* teaches may not be done directly." 527 F. Supp. 661, 665.

Therefore, for the reasons set forth above, the trial court erred in awarding Anderson damages in the amount of $2,400, which were in fact attorney fees. The decision of the trial court is reversed. Judgment shall be entered for the defendant, Community Unit District No. 228, dismissing the complaint of the plaintiff-appellee, Anderson.

Reversed.

BARRY and SCOTT, JJ., concur.