**MAX M. and his parents, Mr. and Mrs. M., Plaintiffs,**

v.

**James R. THOMPSON, et al., Defendants.**

No. 82 C 6575.

United States District Court, N.D. Illinois, E.D.

July 1, 1983.

Matthew D. Cohen, Canel, Aronson & Whitted, Chicago, Ill., for plaintiffs.

John Relias, Vedder, Price, Kaufman & Kammholz, Julia Quinn Dempsey, Ill. State Board of Ed., John Collins, Brydges, Riseborough, Morris, Franke & Miller, Paul Millichap, Asst. Atty. Gen., Chicago, Ill., for defendants.

### ORDER

BUA, District Judge.

This case presents claims under the Education For All Handicapped Children Act (EAHCA),[1] Section 504 of the Rehabilitation Act (§ 504),[2] the equal protection and due process clauses of the fourteenth

---

1. 20 U.S.C. § 1401 et seq.

2. 29 U.S.C. § 794.

amendment,[3] the Illinois School Code,[4] and the Illinois State Constitution.[5] The plaintiffs are Max M., a child handicapped within the meaning of the EAHCA, and his parents. The defendants consist of three different groups, designated the State Defendants, the Intermediate Defendants, and the Local Defendants.[6]

In Count I, plaintiffs allege violations of the EAHCA, § 504, the equal protection clause, the Illinois School Code, and Article X, § 1 of the Illinois Constitution. Plaintiffs seek injunctive relief, compensatory services (remedial education for Max), reimbursement for expenses incurred, and one million dollars in damages. In Count II, brought only against the State Defendants, plaintiffs challenge the ISBE's state-level administrative review process. They seek to enjoin the review procedures alleged to be inconsistent with the EAHCA, and again pray for reimbursement and damages. Each group of defendants has moved to dismiss the complaint on various grounds. In addition, several individual defendants have moved to be dismissed. The motions to dismiss have been referred to a magistrate whose report and recommendations, as well as plaintiffs' objections, are now before this Court.

■ As on any motion to dismiss, the Court must accept the well-pleaded facts in the complaint as true. Those facts, as shown by the complaint and the exhibits to it, are as follows.

Max M. entered New Trier High School in the fall of 1977. On January 3, 1978, Max was referred to the District # 203 Department of Special Education for evaluation. This referral was the result of Max' poor academic performance, disorganization, difficulty in writing, and anxiety. On January 18, 1978, the head social worker for District # 203 recommended that Max receive outside psychotherapy. On February 6, 1978, Dr. Robert Traisman, consulting clinical psychologist for District # 203, submitted his evaluation of Max, in which intensive psychotherapy was recommended. District # 203 did not offer to provide the services. Max' academic performance and social behavior continued to deteriorate. On July 25, 1978, Max' parents formally requested that District # 203 provide therapy to Max for the next school year.

In Max' sophomore year, an individualized education plan (I.E.P.), which did not include therapy, was developed without participation by Max' parents. Max' condition worsened.

On May 15, 1981, District # 203 notified Mr. and Mrs. M. of its decision to issue Max a diploma. On May 21, Mr. and Mrs. M. submitted a request for a due process hearing to District # 203. Subsequently, District # 203 issued Max a diploma.

On October 13, 1981, a state-appointed hearing officer conducted a hearing concerning Mr. and Mrs. M.'s allegations of violations of Max' right to a free appropriate public education. The hearing officer ordered the diploma revoked, with services to continue based upon a new I.E.P. District # 203 appealed the decision to the Illinois State Board of Education, which, on February 19, 1982, reversed the decision of the hearing officer. Plaintiffs' complaint challenges this ruling.

---

3. U.S. Const. amend. XIV.

4. Ill.Rev.Stat. ch. 122, § 14–1.01 *et seq.*

5. Ill. Const. Art. I, § 2, and Ill. Const. Art. X, § 1.

6. The *State Defendants* are (1) James R. Thompson, the Governor of Illinois; (2) the Illinois State Board of Education (ISBE); (3) Donald Gill, the Illinois Superintendent of Education; and (4) Edward Copeland, the Chairperson of the Illinois State Board of Education.

The *Local Defendants* are (1) New Trier High School District # 203 (District # 203); (2) the New Trier District # 203 Board of Education; (3) Ronald Bickert, the Superintendent of Schools in District # 203, and (4) James Walter, the Director of Special Education for District # 203. The final group of Defendants, the *Intermediate Defendants,* includes (1) the North Suburban Special Education District (NSSED); and (2) Stanley Bristol, the Superintendent of the NSSED.

## I. Count I

### A. EAHCA

#### 1. Generally

The EAHCA is a funding statute under which states receive federal funds to assist them in providing educational services to the handicapped. Any state educational agency receiving funds under the EAHCA must establish procedures whereby handicapped children and their parents may protect their rights to a "free appropriate public education." 20 U.S.C. § 1415(a).

Section 1415(b)(1)(E) requires the state to provide "an opportunity to present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." The parents must have an opportunity for an impartial due process hearing by the local agency. 20 U.S.C. § 1415(b)(2). Thereafter, an aggrieved party may seek review of the local agency's decision by an impartial officer at the state agency level. Finally, judicial review is available to any party aggrieved by the final decision of the state level agency. 20 U.S.C. § 1415(e)(2).

#### 2. Statute of Limitations

Defendants assert that plaintiffs' claim under the EAHCA is barred by the statute of limitations. The Court disagrees.

■ Since the EAHCA contains no limitations period, the Court must apply the most closely analogous state statute of limitations. *Hark v. School District of Philadelphia,* 505 F.Supp. 727 (E.D.Pa.1980). In so doing, the Court must "characterize the essential nature of the federal claim in terms of the format which the various state statutes of limitation establish." *Tokarcik v. Forest Hills School District,* 665 F.2d 443

(3d Cir.1981), *cert. denied sub nom., Scanlon v. Takarcik,* —— U.S. ——, 102 S.Ct. 3508, 73 L.Ed.2d 1383 (1982). Defendants characterize the nature of this claim as *review,* and argue that the proper limitations period is 35 days as provided in the Illinois Administrative Review Act, Ill.Rev.Stat. ch. 110, § 3–103 (IARA). Plaintiffs characterize this claim as an *original action,* and assert that the proper limitations period is five years as provided in Ill.Rev.Stat. ch. 110, § 13–205.[7]

Relatively few decisions consider whether a short limitations period contained in an administrative review act should be applied to the EAHCA. Plaintiffs cite *Monahan v. Nebraska,* 491 F.Supp. 1074 (D.Neb.1980), *modified and remanded on other grounds,* 645 F.2d 592 (8th Cir.1981); *Department of Education, State of Hawaii v. Carl D.,* 695 F.2d 1154 (9th Cir.1983); and the *Tokarcik* case. These cases identify several factors for determining whether the state administrative act is sufficiently analogous to justify application of its limitations period. These factors are:

(a) Whether the Court may engage in *de novo* evaluation of the administrative proceeding; *Monahan* at 1084; *Tokarcik* at 450; *Carl D.* at 1157.

(b) Whether the Court may fashion its own remedy or is bound to either affirm, reverse, or remand the order of the administrative agency; *Tokarcik* at 450.

(c) Whether the same standard of review governs the state-prescribed judicial review as is contained in the EAHCA; *Monahan* at 1084–85; *Tokarcik* at 450.

In applying these criteria to the IARA, this Court finds that the Act is not sufficiently analogous to justify application of its 35-day limitations period. The Court's analysis is set forth below.

---

**7.** Ill.Rev.Stat. ch. 110, § 13–205 states that: Except as provided in Section 2–725 of the "Uniform Commercial Code," approved July 31, 1961, as amended, and Section 11–13 of the "Illinois Public Aid Code," approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued.

(a) May the Court engage in *de novo* evaluation of the administrative proceeding?

■ The IARA specifically bars the introduction of any new evidence in support of or opposition to any finding, order, or decision of the administrative agency. Ill. Rev.Stat. ch. 110, § 3–110. Inquiry is limited to information contained in the record. Conversely, the EAHCA allows the Court to consider additional evidence, at the request of either party, to facilitate an independent review. 20 U.S.C. § 1415(e)(2). The scope of inquiry under the EAHCA is therefore much broader than that permitted by the IARA.

(b) May the Court fashion its own remedy, or must it affirm, reverse, or remand the decision of the administrative agency?

The IARA allows the Court only to affirm, reverse or remand the decision of the administrative agency. Ill.Rev.Stat. ch. 110, § 3–111. In contrast, the EAHCA empowers the Court to "grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(e)(2).

(c) Do the two acts embody the same standard of review?

They do not. The IARA requires that the findings and conclusions of the administrative agency be held prima facie true and correct, thereby creating a presumption in favor of the agency. Ill.Rev.Stat. ch. 110, § 3–110. In stark contrast, the EAHCA requires that the Court make an independent decision based upon a preponderance of the evidence. 20 U.S.C. § 1415(e)(2).

In support of their position, defendants erroneously cite *Carl D.,* a case which, as the Court has noted, is also cited by plaintiffs. In that case, the Ninth Circuit held that the 30-day limitations period of the Hawaii Administrative Procedures Act applied to a suit under the EAHCA. Careful analysis of the opinion reveals that it actually supports plaintiffs' position. The Court applied the aforementioned factors, but, because the Hawaii statute provided for the introduction of new evidence, and had a standard of review actually broader than that of the EAHCA, the Court found the

two acts sufficiently analogous. *Carl D.,* 695 F.2d at 1157. The IARA contains no such provisions, and is easily distinguishable.

The distinctions between the IARA and the EAHCA are determinative of the issue. "State statutes of limitation designed to govern judicial proceedings in which the Court merely reviews the administrative record to determine if the agency decision is supported by substantial evidence should not be applied to federal proceedings in which the Court is empowered to make an independent determination based on evidence not found in the administrative record." *Monahan,* 491 F.Supp. at 1085. This Court concurs in this analysis, and holds that the 35-day limitations period under the IARA does not apply to a federal claim under 20 U.S.C. § 1415, since the review procedures prescribed by the IARA are not analogous to an action brought under the EAHCA.

### 3. *Damages*

■ The question remains whether plaintiffs' claim for damages under the EAHCA may go forward. The decision in *Anderson v. Thompson,* 658 F.2d 1205 (7th Cir.1981), severely limits such a claim. *Anderson* holds that no private action for damages lies under the EAHCA absent "exceptional circumstances." Two examples of such circumstances were suggested, in dicta, by the Seventh Circuit. Damages, limited to reimbursement, might be appropriate either 1) where "the court determines that the services in dispute were necessary to protect the physical health of the child," *Id.* at 1213, or 2) where the school agency has "acted in bad faith by failing to comply with the procedural safeguards of [20 U.S.C. § 1415] in an egregious fashion." *Id.* at 1214. The *Anderson* court's rationale for its severe limitation of the damage remedy was based on its interpretation of the legislative intent behind the EAHCA. The Court believed, and this Court fully concurs, that the "appropriate relief" contemplated by § 1415 is generally injunctive in nature, "the statutory language giving the district judge wide latitude to fashion an I.E.P. for

the child." *Id.* Again, however, this is in the absence of the aforementioned exceptional circumstances. Thus the Court must determine whether the complaint's allegations, taken as true, cause this case to fall within those circumstances.

 There is no question that the first exception is inapplicable, since it is not contended that the disputed services were necessary to protect Max' physical health.[8] Regarding the second exception, however, plaintiffs allege that District 203 [9] 1) failed to notify Max' parents of their right to review its psychological evaluations of Max, 2) failed to inform Max' parents of their right to an independent evaluation, to counsel, or to a due process hearing, 3) held staffings concerning Max' special educational placement without notifying his parents or giving them an opportunity to participate, and 4) completed the 1980–81 I.E.P. without parental notification (all in violation of § 1415(b)(1)). In addition, plaintiffs assert that these violations were intentional, willful and reckless. Taking the allegations as true, plaintiffs have stated a claim for reimbursement under the EAHCA, given the bad faith exception of *Anderson.* Therefore, the motion to dismiss is denied in this respect, and the claim against District # 203, *see* n. 9, may go forward. It should be emphasized, however, that Max M.'s damage award, if bad faith is proven, cannot exceed $8,855, the amount plaintiffs have expended in providing services to Max M. under his I.E.P., Complaint, ¶ (iii), p. 23, *Anderson,* 658 F.2d at 1214.

### 4. *Remedial Education*

Plaintiffs, in addition to requesting damages as discussed above, seek to have this court

order defendants to assume the financial responsibility for the placement of Max M. in a private residential facility which provides special education and related services to address Max' learning disabilities, emotional disorders, and vocational deficits as defined in an Individual Education Plan reflective of the views of the independent evaluators who have tested Max, with such placement to continue until goals contained in that I.E.P. are fulfilled or Max turns twenty-three (23), whichever comes sooner.

Complaint, ¶ (ii), p. 23. The crux of this request is plaintiffs' belief that because the school district acted wrongfully and failed even to address the goals of Max' independently prepared I.E.P. prior to awarding him his diploma, Max must now receive compensatory or remedial services which will undo the effects of those past wrongful acts. After careful consideration, the Court has concluded that this claim is barred as an improper request under the EAHCA.

 In an analogous situation, the Court in *Miener v. State of Missouri,* 673 F.2d 969 (8th Cir.1982), held that a claim for compensatory services was barred under the eleventh amendment as an improper damage claim for a past breach of legal duty. The Court first discussed *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) in which the Supreme Court established the appropriate test for determining when the eleventh amendment bar is applied. Simply put, the amendment is invoked when the relief sought is retroactive rather than prospective in nature. The *Miener* court, applying *Edelman* to the claim before it, reasoned as follows:

"An award of tuition reimbursement would clearly be barred as an award of damages for past breach of legal duty under [the *Edelman* ] test. (citation

---

**8.** An example of a case which *would* fall within this exception is set forth in *Walker v. Cronin,* 107 Ill.App.3d 1053, 63 Ill.Dec. 651, 438 N.E.2d 582 (1st Dist.1982). In *Walker* the child sustained serious physical injury, and the school repeatedly ignored his parents' request for a hearing. *Id.* at 1056, 63 Ill.Dec. 654, 438 N.E.2d 585.

**9.** Plaintiffs, in their summary, assert that "defendants" violated plaintiffs' rights under the EAHCA. Nevertheless, all specific allegations of *procedural* violations are directed only at District # 203. Therefore, if plaintiffs state a claim under EAHCA at all, it is stated only against District # 203.

omitted). We view the request for compensatory services as practically indistinguishable from a request for such reimbursement. Compensatory services, like the award of a money judgment, would be measurable against past educational deprivation. The expenditure of state monies to provide compensatory services would not, in other words, ensure "*compliance in the future* with a substantive federal question determination." *Edelman v. Jordan,* 415 U.S. at 688, 94 S.Ct. at 1368.

*Miener,* 673 F.2d at 982. This Court fully concurs with this analysis.

■ As has already been stated, *Miener* was decided in an eleventh amendment context. Therefore, it clearly bars the Count I claim against the state defendants, *see* Section II, *infra.* The Court's analysis of the distinction between prospective (injunctive) and retroactive (monetary) relief is applicable to the claims against the intermediate and local defendants as well, however. As has already been stated, except in very narrow circumstances, damages are disallowed under the EAHCA. And, as the *Anderson* court made clear, even if the special circumstances which give rise to a damage claim are present, as they may be in this case, the monetary relief afforded is limited to reimbursement for services already received. *Anderson v. Thompson,* 658 F.2d at 1214.

■ Reimbursing Max M.'s family for their out-of-pocket expenses is a very different matter, however, from providing Max M. with educational services which would meet the goals of his independently prepared I.E.P. Since this Court believes that the *Miener* court was correct in finding that the latter remedy is more like retroactive than prospective relief, to allow such services would be to reopen a door that was closed by the Seventh Circuit in *Anderson.* The remedy requested would be in the nature of a general damage award, a form of relief which the *Anderson* court clearly believed was barred by the EAHCA. Monetary relief, if it is to be afforded at all to Max M.'s family, is properly limited to reimbursement.

## B. *The § 504 Claim*

■ The limitation on damages required by the EAHCA also is not expanded by § 504. In *Reineman v. Valley View Community School District # 365–U,* 527 F.Supp. 661, 664–665 (N.D.Ill.1981), the Court reasoned that the damage limitation under the EAHCA should apply to § 504 when the claim is for an exclusion of benefits under the EAHCA. The *Reineman* court stated: "If [the] Reinemans, barred from a damage claim under EAHCA itself under *Anderson,* could take an end run around *Anderson* by claiming damages [under § 504] . . . that exception to *Anderson* would swallow up its rule. [The] Reinemans cannot do indirectly via § 504 what *Anderson* teaches may not be done directly." *Id., accord, Mark R. v. Board of Education, Bremen Community High School,* 546 F.Supp. 1027, 1032 (N.D.Ill.1982).

This Court concurs in the analysis of the above-cited opinions and dismisses plaintiffs' § 504 claim.

## C. *The Statutory § 1983 Claim*

■ Although not clearly articulated in plaintiffs' complaint or brief in opposition to the motions to dismiss, plaintiffs apparently allege that they state a claim cognizable under 42 U.S.C. § 1983, arising out of alleged violations of the EAHCA. Presumably, their assertion is that a violation of the EAHCA, in and of itself, results in a § 1983 claim entitling plaintiffs to general damages. This argument has been clearly and unequivocally rejected by the Seventh Circuit which reasoned that, because the EAHCA provides an exclusive remedy, § 1983 is inapplicable. *Anderson v. Thompson,* 658 F.2d 1205, 1215–1217, *citing Maine v. Thiboutot,* 448 U.S. 1, 4, 100 S.Ct. 2502, 2504, 65 L.Ed.2d 555 (1980) (§ 1983 provides cause of action for state deprivations of "rights secured" by "the laws" of the United States); and *Pennhurst State School and Hospital v. Halderman,* 451 U.S. 1, 28, 101 S.Ct. 1531, 1545, 67 L.Ed.2d 694 (1981) (§ 1983 not available where governing statute provides exclusive remedy for violation of its terms); *see also Thiboutot,* 448 U.S.

**1338**

at 22, n. 11, 100 S.Ct. at 2514, n. 11 (Powell, J., dissenting); *Miener v. State of Missouri,* 673 F.2d 969, 975–977 (8th Cir.1982). As a result, plaintiffs' statutory § 1983 claim is dismissed.

### D. *The Equal Protection Claim*

■ Although *Anderson* specifically rejected the notion that § 1983 provided redress for alleged violations of the EAHCA standing alone, the Court left open the question of whether a damage remedy might exist under § 1983 where the basis of the allegation is not necessarily a violation of the EAHCA, for which there is no general damage remedy, but of the Constitution. *Anderson,* 658 F.2d at 1217, n. 19; *see also Mark R. v. Board of Education, Bremen Community High School District # 228,* 546 F.Supp. 1027, 1032, n. 8 (N.D.Ill.1982). Plaintiffs have asserted two constitutional claims based on the equal protection and due process clauses of the fourteenth amendment. The equal protection claim is contained in Count I of the complaint and is treated here. The due process claim is contained in Count II and is treated in the Court's discussion of the other claims asserted in that count, Section II(B), *infra.*

Plaintiffs assert that defendants have failed to provide Max with educational opportunities provided to other handicapped and non-handicapped children. Superficially, this appears to state an equal protection claim. The substance of plaintiffs' claim, however, is not disparate treatment, but rather their assertion that Max' placement decision was wrongfully made, with the result that his educational classification was erroneous. Thus exposed, plaintiffs' claim does not in fact relate to equal protection at all, but instead challenges the school's placement decision. Such a claim cannot go forward. *Reineman,* 527 F.Supp. at 665, *Mark R.,* 546 F.Supp. at 1033.

In *Reineman,* the parents of a handicapped high school child brought an action against school officials, seeking recovery for alleged deprivation of constitutional rights. The *Reineman* Court dismissed the equal protection claim, noting that "[p]laintiffs have been unable to cite any authority supporting a constitutional right to proper classification." *Reineman,* 527 F.Supp. at 665. Following this reasoning was the Court in *Mark R.,* which held that an allegation of improper educational placement is not sufficient to state an equal protection claim. *Mark R.,* 546 F.Supp. at 1033.

This Court concurs in this reasoning, and dismisses plaintiffs' equal protection claim.

### E. *The State Law Claims in Count I*

■ Plaintiffs allege violations of the Illinois School Code, Ill.Rev.Stat. ch. 122, § 14–1.01, *et seq.,* and of the Illinois Constitution, Article X, § 1. Since the claims "derive from a common nucleus of operative facts" and are such that the plaintiffs "would be expected to try them all in one judicial proceeding," this Court has jurisdiction over these state claims under the principle of pendent jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

■ States receiving federal funds under the EAHCA are required to establish procedures whereby handicapped children and their parents may protect their rights to a free appropriate public education. 20 U.S.C. § 1415(a). Illinois, pursuant to this directive, enacted § 14–1.01 of the Illinois School Code. The state act's language, while not duplicating the language of the EAHCA verbatim, parallels the EAHCA in substance. As with the EAHCA, the state act's concern appears to be ensuring proper educational placement for handicapped children. Absent persuasive argument to the contrary, it must be assumed that § 14–1.01 of the Illinois School Code, a mere creature of the EAHCA, is a reflection of the EAHCA on the state level. As such, it can confer no more rights than can the EAHCA itself. Since damages are allowed only in limited form under the EAHCA, the Court does not believe that expanded monetary relief is provided by § 14–1.01 of the Illinois School Code. Plaintiffs' claim for damages under the Illinois School Code therefore is dismissed.

■ Plaintiffs also allege a violation of the Illinois Constitution, Article X, § 1. Illinois Courts have held that Article X requires only that the state provide a tuition-free education. *See, e.g., Hamer v. Board of Education of School District # 109,* 9 Ill.App.3d 663, 292 N.E.2d 569 (2d Dist. 1973). No cases have been cited which indicate that a tuition-free education includes the provision of psychotherapy, nor does this Court believe that the Illinois constitution can be read to require such services. Thus, plaintiffs have not stated a claim for relief under Article X of the Illinois Constitution, and that portion of the complaint is dismissed.

### F. *Remaining Injunctive Relief*

In light of the above discussion, all that remains of plaintiffs' claims in Count I is 1) a request for limited damages (reimbursement) resulting from the local defendants' alleged "bad faith" violation of the EAHCA, and 2) a request for injunctive relief in the form of rescission of Max M.'s diploma. It is the Court's belief that because of its disposition of plaintiffs' request for remedial education, Section I(A)(4), *supra,* plaintiffs' additional request for rescission of the diploma has become a mere vestige of the original overall prayer for relief. Rescission of Max M.'s diploma simply makes no sense in light of the Court's decision that it cannot properly compel the school district to provide Max M. with compensatory education. Therefore, the claim for rescission is dismissed.

### II. *Count II*

### A. *The EAHCA and § 504 Claims*

In Count II, plaintiffs have merely restated their EAHCA and § 504 claims. This Court's treatment of those claims in Count I is fully applicable to Count II.

### B. *The Due Process Claim*

As has already been stated, plaintiffs, pursuant to 42 U.S.C. § 1983, assert in Count II that the state-level administrative review of the local-level due process hearing violated the due process clause of the fourteenth amendment. Specifically, plaintiffs object to the fact that the reviewing body comprised attorneys who were on the ISBE's staff. Because these attorneys were ISBE employees, plaintiffs contend their objectivity was so compromised that they could not impartially review the local-level due process hearing decisions.[10] This resulted, it is argued, in a violation of plaintiffs' constitutional rights. Although there may be some merit to plaintiffs' claim, *see, Grymes v. Madden,* 672 F.2d 321, 323 (3rd Cir.1982), it nevertheless must be dismissed because of the lack of any available remedy.

■ First, since the claim is asserted only against the state defendants, any damage claim is barred by the eleventh amendment. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), *see* Section I(A)(4), *supra.* That amendment bars a federal court from hearing a suit seeking to recover damages which will come from the general revenues of the state. *Id.* at 668, 94 S.Ct. at 1358. Even though the State of Illinois is not named in this action, recovery of damages against the named officials would come from state revenues. "[W]hen the action is in essence one for recovery of money from the state, the state is the real, substantial party in interest...." *Id.* at 663, 94 S.Ct. at 1355, *quoting Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945). Thus, plaintiffs' due process claim is dismissed to the extent that it prays for money damages.

---

10. 34 C.F.R. § 300.507, the regulation concerning "Impartial hearing officers," states:

(a) A hearing may not be conducted:
(1) By a person who is an employee of a public agency which is involved in the education or care of the child, or
(2) By any person having a personal or professional interest which would conflict with his or her objectivity in the hearing.

(b) A person who otherwise qualifies to conduct a hearing under paragraph (a) of this section is not an employee of the agency solely because he or she is paid by the agency to serve as a hearing officer.
(c) Each public agency shall keep a list of the persons who serve as hearing officers. The list must include a statement of the qualifications of each of those persons.

Secondly, plaintiffs' claim for injunctive relief must be dismissed as moot. As has already been stated, plaintiff has received his diploma, which means that any reform in the administrative process would have no effect as to him. Additionally, plaintiffs' suit is not brought as a class action. Since plaintiffs' claim is neither 1) capable of repetition, nor 2) brought on behalf of, not only Max, but Max and others similarly situated, the Court believes that a finding of mootness is required as to the due process claim. *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

C. *The State Law Claims in Count II*

Based upon the rationale set forth in Count I, *see,* Section I(E), *supra,* plaintiffs' state law claims in Count II are dismissed.

Since nothing remains of Count II, it is dismissed in its entirety.

### III. *Conclusion*

The remaining motions before the Court are the motions to dismiss filed by various individual defendants. All those motions are granted except those of 1) New Trier High School District # 203, 2) The New Trier School District # 203 Board of Education, 3) Roderick Bickert, sued in his official capacity as Superintendent of School District 203, and 4) James Walter, sued in his official capacity as Director of Special Education of School District 203. These parties, who are the only defendants left in the suit, are not dismissed in light of plaintiffs' sole remaining claim; namely their Count I prayer for reimbursement for costs expended in providing services to Max M. under his I.E.P. That sum, allegedly due because of defendants' "bad-faith" in carrying out the procedural requirements of the act, is claimed to be $8,855. If defendants are shown to have acted in bad faith, the latter figure will be the maximum damage award.

IT IS SO ORDERED.